FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR M. ROJAS-RIVERA,<br><br>Defendant. | NO: 2:22-CR-0093-TOR<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 56. The United States filed its Motion to Dismiss Defendant's Motion to Vacate, Set Aside, or Correct Sentence. ECF No. 60. Defendant has not filed a reply. The Court has reviewed the motion, the record, and files therein, and the United States' Motion to Dismiss, and is fully informed.

## BACKGROUND

The Court will not recite all the facts in this case which are contained in the file and the Presentence Investigation Report. On June 14, 2023, Defendant

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

pleaded guilty to Distribution of 50 Grams or more of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). ECF Nos. 37, 39, and 59. At the plea hearing, Defendant was placed under oath to tell the truth. ECF No. 59 at 2. Defendant was advised of the maximum penalty for the offense, not less than ten years and up to life imprisonment, a term of supervised release of not less than five years up to life, a fine of up to $10 million, and a $100 special penalty assessment. *Id*. a 5. Additionally, Defendant acknowledged that he was waiving his right to appeal his sentence if the Court imposed a sentence of 240 months of incarceration or less. *Id*. at 6. Additionally, Defendant confirmed that he was waiving his right to file any postconviction motion attacking his conviction and sentence except one based on ineffective assistance of counsel arising from information not then known by him or, in the exercise of due diligence, could be known by him by the time the Court imposes sentence. *Id*. Defendant acknowledged that no one made any promises to him to get him to plead guilty other that the ones in the plea documents and that no one threatened him in any way to get him to plead guilty. *Id*. at 4. Finally, Defendant acknowledged that the Court may accept or reject the parties' recommendations, but that Defendant would not be allowed to withdraw his guilty plea. *Id*.

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

On February 7, 2024, the Court sentenced Defendant to 235 months of incarceration, five years of supervised release and a $100 special penalty assessment. ECF No. 54.

Defendant then filed his *pro se* Motion to Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on February 26, 2024. ECF No. 56.

## DISCUSSION

The Court finds that the issues raised do not require an evidentiary hearing. See Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . ."

A defendant in criminal proceedings has a constitutional right to effective assistance of counsel. U.S. Const. amend. VI. A convicted defendant asserting violation of his constitutional right to effective assistance of counsel must demonstrate the following: (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 375 (1986) (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). To satisfy this standard, a defendant must show that counsel's representation was "outside the wide range of professionally competent assistance" and that there is a "probability sufficient to undermine confidence in the outcome." *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 at 689.

Defendant moves the Court to set aside or correct his sentence based on claims of ineffective assistance of counsel.

Here, Defendant is plainly not entitled to relief.

**B. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not then known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. The Court specifically informed Petitioner of this waiver provision at the time of his plea and he acknowledged he understood it. *See* Fed. R. Crim. P. 11(b)(1)(N).

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

Defendant bases his motion on a claim of ineffective assistance of counsel based on a promise or expectation that his counsel said he would receive a 60-month sentence, or an 87-month sentence or a 120-month sentence. *See* ECF No. 56.

A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted). The exception to waiver contained in his plea agreement only includes motions based upon ineffective counsel "based on information *not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time* the Court imposes the sentence." ECF No. 37 at ¶ 17 (emphasis added).

Defendant acknowledged to the Court, under oath, that no promises other than the ones in the plea agreement were made to him. Defendant's argument is therefore meaningless in light of his sworn statement at the change of plea hearing.

**C. Complaint that Defendant is Entitled to a 3-Point Reduction**

Defendant also complains that he is an undocumented person in this country and that he qualifies "for a 3 point downward reduction on my level of offense that was never awarded". ECF No. 56 at 4. The United States Sentencing Guidelines

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE UNDER 28 U.S.C. § 2255 ~ 5

Manual does not award a 3 point reduction to illegal aliens committing drug offenses. This request is denied.

### D. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 56) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties, including:

Victor M. Rojas-Rivera,
Fed. Reg. No. 18372-510
FCI LOMPOC II
FEDERAL CORRECTIONAL INSTITUTION
3901 KLEIN BLVD
LOMPOC, CA 93436

This file and the corresponding civil file (2:24-CV-0065-TOR) shall be **CLOSED**.  A **Judgment** shall be filed in each file which denies the Motion to Vacate under 28 U.S.C. § 2255.

**DATED** August 20, 2024.

THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7